MALENE A. FLETCHER *vs.* BOARD OF ALDERMEN OF THE CITY OF NEWPORT.

OCTOBER 30, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Certification of Question to Supreme Court.*

A question should be certified to the Supreme Court only after it has been formally raised on the record, and is presented to the trial court in some appropriate proceeding and the ruling of that court is requisite thereon.

(2) *Appeal. Amendment. Certification of Question to Supreme Court.*

Cap. 50, sec. 43, Gen. Laws, 1909, provides, that in appeals from decrees of municipal bodies, the appellant shall within the time limited, file a specific statement of his reasons of appeal, to which he shall be restricted, *unless for cause shown,* and with or without terms, the Superior Court shall allow amendments thereof and additions thereto:—

*Held,* that the court must determine among other questions the materiality of the proposed amendment, and should refuse to permit an amendment constituting an immaterial reason of appeal to be made.

*Held,* further, that the granting of permission to amend being an adjudication by the court that in its opinion such an amendment constitutes a valid ground of appeal, while subject to exception, it is nevertheless its judgment on that question, and such question cannot thereafter be by it certified as doubtful.

APPEAL from decree of Board of Aldermen. Heard on certification of questions from Superior Court and returned as improperly certified.

BLODGETT, J.   On July 7, 1910, the respondent, Board of Aldermen of the city of Newport, entered a "decree establishing Washington Street extension," in said city, from which decree an appeal was seasonably taken to the Superior Court for Newport county and certain reasons of appeal were duly filed by the appellant.   After the time for perfecting said appeal had expired and before trial on the merits, on motion of the appellant on April 3, 1911, the reasons of appeal were amended by an order of the Superior Court by adding thereto the following, viz.: "VII.   The Representative Council of the City of Newport had made no appropriation sufficient to meet the expenses of the laying out of said highway," and thereafterwards on the same day the said court certified to this court, under the provisions of § 5, cap. 298, Gen. Laws, 1909, the two following questions as being questions "which have been raised" and are of such doubt and importance as to require the determination of this court before further proceedings are had in the Superior Court.   The questions so certified are these:

"1.   Did the Board of Aldermen of the City of Newport have authority to enter a decree declaring the premises in question to be a public highway?

"2.   Did the Board of Aldermen of the City of Newport have authority on the 7th day of July A. D. 1910 to enter a decree declaring the premises in question to be a public highway, no appropriation having been made by the Representative Council sufficient to cover the expense and liability of such layout?"

(1)     A fatal objection to the certification of both these questions is this, that it nowhere appears on the record that they have been at any time brought before the Superior Court for judicial determination.  Apparently it was considered sufficient for such certification that such questions might be involved somewhere in the action and might possibly be raised at some stage of it.   But that is not sufficient to justify such a certification.   The certification should be made only after the question has been formally raised on the record and in some appropriate proceeding it is presented to the trial court and the ruling of that court thereon is requisite. Then if the court be of the opinion that the question be of such doubt and importance as to require the determination of this court, a certification under the statute is permissible.

There is a second objection, moreover, to the second question certified.   Section 43, of cap. 50, Gen. Laws of 1909, under which the seventh reason of appeal was added on April 3, 1911, by order of the Superior Court, contains, *inter alia,*

(2)    the following provision:  . . .   "Within fifty days from the date of the determination appealed from the appellant shall file a copy of the record of the proceeding appealed from, together with a specific statement of his reasons of appeal, in the clerk's office of the Superior Court for the county, to which reasons the appellant shall be restricted, *unless for cause shown,* and with or without terms, the Superior Court allow amendments thereof and additions thereto."   It is evident that under this statute there is not an unlimited right of amendment at the pleasure of the appellant and that the words "for cause shown" require the court to determine among other questions the materiality or the immateriality of the amendment proposed. An appellee is not to be required to meet a reason of appeal which is immaterial and the Superior Court should refuse to permit an amendment constituting an immaterial reason of appeal to be made.   The jurisdiction to permit such an amendment being granted only "for cause shown" the granting of such permission is an adjudication by the court that

in its opinion such an amendment constitutes, if sustained, a valid and legal ground of appeal. The judgment of the Superior Court may be right or it may be wrong in this respect, and is of course subject to exception if seasonably taken, by the party aggrieved, but it is nevertheless its judgment on that question and such question cannot thereafter be by it certified as being a question of doubt requiring the determination of this court.

The papers in the cause will be sent back to the Superior Court for Newport county as improperly certified.

*Burdick & MacLeod*, for appellant.

*Jeremiah A. Sullivan*, City Solicitor, for appellee.