381 A.2d 1365.

CITIZENS FOR PRESERVATION OF WATERMAN LAKE *et al.*
*vs.* WILLIAM DAVIS *et al.*

JANUARY 31, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. On May 29, 1975, the plaintiffs filed the instant complaint in the Superior Court alleging that the defendant Davis violated the freshwater wetlands act by dumping trash and fill in a wetlands area without a permit; that he caused a nuisance to occur by polluting the waters of Nine Foot Brook; that the defendants Coyne and Davis conspired to violate certain town ordinances of the town of Glocester by allowing the importation of trash from points outside the town; and that a certain contract entered into between John P. Coyne, president of Glocester Town Council and the defendant Davis was illegal and invalid. Prior to

trial the town of Glocester was granted permission to intervene in this case.

The matter was heard before a justice of the Superior Court sitting without a jury. The plaintffs presented evidence to establish the allegations set forth in their complaint. The defendant Davis rested without presenting any testimony or evidence other than certain exhibits previously identified or introduced during the presentation of plaintiffs' case. The trial justice found in favor of defendants on all issues and accordingly denied plaintiffs' prayers for injunctions and money damages and ordered judgment entered for defendant Davis with costs. From the judgment thus entered, plaintiffs filed the instant appeal.

The plaintiffs have briefed and argued their appeal under seven main points. However, the record in this case is such that we are unable to perform our duty in passing on the plaintiffs' claim of error and in reviewing the judgment appealed from. This is so because the judgment appealed from contains numerous findings of fact with no reference to the evidence on which they are based, and, in some instances, only conclusory statements with no reference to the evidence on which they are based.

Because the record is such that we are unable to conduct a meaningful review of the judgment appealed from, we remand the case to the Superior Court with directions that the trial justice implement his findings and set forth his reason for his ultimate ruling.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.