Frederick C. WHITE, Jr., et al.

v.

Alfred LeCLERC et al.

No. 78–374–Appeal.

Supreme Court of Rhode Island.

Dec. 10, 1980.

John D. Lynch, Gary R. Pannone, Warwick, for plaintiffs.

Stephen S. Lyman, Narragansett, Felix A. Appolonia, West Warwick, for defendants.

## OPINION

**BEVILACQUA, Chief Justice.**

This is an appeal and cross–appeal from a judgment awarding $4,500 to the plaintiffs, Frederick and Anna White, as compensatory damages for four oak trees severed and carried away by agents of the defendants, Alfred and Madeline LeClerc. Both sides contend that the trial justice erred in determining the amount of the damage award. Additionally, defendants assert that the court clerk committed error in entering judgment against Mrs. LeClerc as well as Mr. LeClerc.

This matter was heard before a justice of the Superior Court sitting without a jury. Both plaintiffs and defendants presented expert witness testimony concerning the value of the trees. In his award of damages, the trial justice rejected defendants' expert witness's testimony because the expert had failed to include transportation, replanting, and other related expenses involved in replacing the trees. Moreover, the trial justice determined that the testimony of plaintiffs' expert witness was "grossly exaggerated." Nevertheless, the trial justice awarded $4,500 to plaintiffs as compensatory damages.

In determining the amount of the damage award, however, the trial justice failed to make any reference to the evidence supporting his decision. The trial justice did not state for the record what evidence he relied upon in arriving at an estimate of $4,500. Nor is it manifest from a reading of the record whether the trial justice intended that the judgment be entered against Mrs. LeClerc. Finally, it is not clear whether the statute regarding the unauthorized cutting of trees or wood, G.L. 1956 (1969 Reenactment) § 34–20–1, applies in the instant case. Furthermore, if the statute does apply, the record does not disclose whether the trial justice considered the statute when assessing damages. The state of the record presented by this appeal does not permit us to conduct an adequate review of the judgment below. *See Citizens For Preservation Of Waterman Lake v. Davis*, R.I., 381 A.2d 1365, 1366 (1978) (where court unable to conduct a meaningful review, case remanded to set forth reasons for ultimate ruling).

Therefore, we remand the case to the Superior Court with instructions that the trial justice make findings concerning the factual and statutory issues discussed in this opinion.