Deborah A. HARROLD

v.

Martha KAUFMAN.

No. 79–221–Appeal.

Supreme Court of Rhode Island.

June 3, 1981.

Blais, Cunningham, Thayer, Gagnon & Ross, Ronald R. Gagnon, Pawtucket, for plaintiff.

Rice, Dolan, Kiernan & Kershaw, John W. Kershaw, Providence, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal by the defendant, Martha Kaufman, from an order denying her motion, pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure, to vacate a default judgment entered against her in the Superior Court.

On February 22, 1978, Deborah A. Harrold instituted in the Superior Court this civil action against defendant, seeking to recover for damages she sustained as a result of a motor-vehicle collision with defendant. A default was entered against defendant on June 14, 1978, and a judgment for $8,079 was subsequently entered against her.

---

On March 2, 1979, defendant filed a motion to vacate the default judgment in which she asserted the provisions of Super. R.Civ.P. 60(b)(1) and (6) [1] as grounds for relief. A Superior Court justice conducted an in-chambers hearing on defendant's motion; however, no stenographic record of that hearing was made. After hearing arguments of counsel, the trial justice denied defendant's motion.

In this appeal, the defendant contends that the trial justice abused his discretion in denying her motion. In the absence of a transcript or other adequate record [2] of the hearing below, however, we are unable to conduct a meaningful review of the trial justice's decision or to pass upon the issue raised by the defendant. *See White v. LeClerc*, R.I., 422 A.2d 1256, 1257 (1980); *Citizens for Preservation of Waterman Lake v. Davis*, R.I., 381 A.2d 1365, 1366 (1978). Under the circumstances, we must remand the case to the Superior Court where a hearing will be held on the defendant's motion to vacate the default judgment entered, at which time the parties may set forth such affidavits and evidence as may be considered relevant.

Accordingly, the order appealed from is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

1. Rule 60(b) of the Superior Court Rules of Civil Procedure in pertinent part provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * or (6) any other reason justifying relief from the operation of the judgment."

2. Supreme Court Rules 10(c) provides as follows:
   "Statement of the Evidence of Proceedings When No Report Was Made or When the Transcript is Unavailable. If no report or recording of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten (10) days after service. Thereupon the statement and any objection or proposed amendment shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the trial court in the record on appeal."