**CAMPANELLA CORPORATION**

v.

**COWESETT ESTATES, INC. et al.**

**No. 79–446–Appeal.**

Supreme Court of Rhode Island.

Dec. 10, 1981.

Americo Campanella and Jon A. Mills, Providence, for plaintiff.

G. John Gazerro, Jr., West Warwick, for defendants.

## OPINION

PER CURIAM.

This is an appeal by the plaintiff, Campanella Corporation, from a Superior Court judgment entered against the defendant Cowesett Estates, Inc., in the amount of $495 plus interest for construction work performed by the plaintiff on Cowesett Estates in Warwick, Rhode Island.[1] The plaintiff contends on appeal that the total amount due and payable by the defendants is $6,864.10, which figure, according to the plaintiff's calculations, represents the sum of the final payment due under a written contract between the parties ($6,369.10) plus the cost of extra work performed at the defendants' request ($495).

This matter was heard before a justice of the Superior Court sitting without a jury. The trial justice determined that, pursuant to the agreed terms of the contract, the final and full payment was due and payable within five days after formal acceptance by the Department of Public Works for the City of Warwick of all the construction work performed under the contract. The trial justice concluded that plaintiff had the burden of proving formal acceptance by the city but had not sustained its burden and that therefore the contract was not completed. Nevertheless, the trial justice held defendant Cowesett Estates, Inc., liable to plaintiff for $495 plus interest for extra work performed by plaintiff because "extras" were not governed by the terms of the contract, namely, the formal-acceptance requirement. Judgment was entered for defendants D'Agnillo and Sammartino because these individuals were guarantors of the obligations of Cowesett Estates, Inc., arising only under the contract and there-

---

1. Judgment was also entered for defendants Michael D'Agnillo, Jr., and Edward B. Sammartino from which judgment plaintiff also appeals.

fore they did not guarantee payments for "extras."

In determining that the plaintiff was not entitled to recover the final payment under the contract,[2] the trial justice found that the record contained no evidence to support a showing of formal acceptance of the plaintiff's work by the city of Warwick. During trial, however, the justice consistently sustained evidentiary objections to the plaintiff's testimony concerning the formal acceptance. Because the trial justice excluded the plaintiff's evidence on this principal issue, the state of the record presented by this appeal is insufficient to permit us to conduct a meaningful review of the judgment below. *See White v. LeClerc*, R.I., 422 A.2d 1256 (1980); *Citizens for Preservation of Waterman Lake v. Davis*, R.I., 381 A.2d 1365 (1978).

We therefore remand the case to the Superior Court with instructions that the trial justice receive further evidence and make further findings concerning the factual issue discussed in this opinion.

---

**2.** The trial justice calculated the final payment as $5,820.10 and noted that this amount differed from plaintiff's figure of $6,369.10.