**In re CHRISTOPHER S.**

No. 2000–212–A.

Supreme Court of Rhode Island.

May 15, 2001.

Aaron Weisman, Assistant Attorney General, Gina K. Lopes, Special Assistant Attorney General, for Plaintiff.

Paula Rosin, Assistant Public Defender, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

LEDERBERG, Justice.

Three questions of law have been certified to this Court, pursuant to G.L.1956 § 8–10–43 and G.L.1956 § 9–24–27 and Rule 72 of the Family Court Rules of

Procedure for Domestic Relations. The questions seek our advice on the constitutionality of the "Sexual Offender Registration and Community Notification Act," G.L.1956 chapter 37.1 of title 11 (the act) as applied to juvenile sexual offenders and on the necessity of providing a trial by jury to juveniles charged with a sexual offense, given that the registration period may continue beyond the age of majority.

## Facts and Procedural History

In February 2000, Christopher S. (respondent) was arraigned on two counts of first-degree sexual assault, one count of second-degree sexual assault, and one count of domestic assault, based on petitions filed after an interview with complainant at the Rhode Island Child Advocacy Center in Providence, Rhode Island. At the time of the alleged assaults, respondent was between the ages of fifteen and sixteen, and complainant was between fourteen and fifteen years old. After a Family Court justice made a finding of probable cause on February 25, 2000, respondent was placed on home confinement and released to his mother's custody.[1] In the course of the delinquency proceedings, on April 21, 2000, respondent requested that the Family Court grant him a trial by jury because he would be required to register as a sexual offender for life[2] if he were found delinquent on the count of the first-degree sexual assault and, if found delinquent on the count of second-degree sexual assault, he would be required to register for a period of ten years. The state objected to respondent's motion, contending that juveniles were not entitled to

a trial by jury and that registration was not punitive. On May 15, 2000, a Family Court justice certified and submitted to this Court the following three questions, together with an agreed statement of facts:

"1. Is the Rhode Island Registration and Community Notification Act, Chapter 37.1 of R.I.G.L. as applied to juveniles constitutional?

"2. If it is constitutional, in light of the fact that the Act removes the confidentiality that has thus far been an essential part of the juvenile system, are juveniles accused of sexual offenses entitled to a trial by jury?

"3. Does a juvenile have the right to a jury trial, if he/she is subjected to registration as a sex offender past his/her twenty-first birthday?"

The state argued that the broad question of whether the registration act is unconstitutional as applied to juveniles was not appropriately certified to this Court, given that it was not raised by respondent in Family Court. The respondent had initially requested a trial by jury, based on the assertion that confidentiality was lost through the process of registration. He contended that the registration rendered the adjudication of juvenile delinquency equal to an adult criminal conviction, thereby entitling him to increased procedural due process protection, including a trial by jury. Both parties agreed to a statement of facts and to the wording of the questions that the Family Court justice certified and submitted to this Court.

---

1. The respondent was also ordered to refrain from contact with complainant and to receive home tutoring, if he were then enrolled in school. On May 30, 2000, approximately three months after the probable cause hearing, the Family Court replaced the home confinement with a 7 p.m. to 7 a.m. curfew.

2. Subsequently, the registration period for juvenile sexual offenders identified as "sexually violent predators," "recidivists," or "aggravated crime offenders" was reduced from life to fifteen years. General Laws 1956 § 11–37.1–4(j), as amended by P.L.2000, ch. 358, § 1, on July 20, 2000.

### Certification of Questions to this Court

Section 9–24–27 provides in pertinent part:

> "Whenever in any proceedings \* \* \* in the superior court or in any district court, any question of law shall arise or the constitutionality of an act of the general assembly shall be brought in question upon the record which, in the opinion of the court, or in the opinion of the attorney general if the state is a party to the proceeding \* \* \* is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify the question or motion to the supreme court for that purpose and stay all further proceedings until the question is heard and determined \* \* \*." [3]

▊ In recent years, we have expressed our "alarm at the use of certified questions as a means of short-circuiting the proper procedure for resolving matters in controversy," *Employers Mutual Casualty Co. v. Martin*, 671 A.2d 798, 802 (R.I.1996). But "[d]espite our frequent disapproval of certified questions improperly presented to us, we continue to be confronted with such questions." *State v. Carcieri*, 730 A.2d 11, 14 (R.I.1999). We have consistently declined to consider an improperly certified question, unless there are critical, substantial reasons to do so. *See, e.g., State v. Jenison*, 122 R.I. 142, 146, 405 A.2d 3, 5 (1979) (holding that when the defendants' constitutional challenges potentially invalidated numerous possibly faulty indictments, certification before trial was appropriate. to avoid wasting valuable judicial time). This Court has repeatedly and emphatically mandated that "under § 9–24–27

questions should not be certified 'without careful consideration being given as to whether they were really as perplexing as they might at first seem.'" *Martin*, 671 A.2d at 802 (quoting *Richardson v. Bevilacqua*, 115 R.I. 49, 52, 340 A.2d 118, 120 (1975)). *See also Bayview Towing, Inc. v. Stevenson*, 676 A.2d 325, 329 (R.I.1996) (holding that "certification required more than just simply being a question on which a justice was unwilling at the time to make an immediate ruling"). " '[C]areful consideration is a precondition to certification under the statute, but, even then, a trial justice should not certify unless, after first having had the benefit of adequate research by counsel and informed arguments, he [or she] continues to entertain such doubts concerning the question that he [or she] feels unable to resolve it unsatisfactorily.'" *Martin*, 671 A.2d at 802.

▊ Trial justices confronted with difficult cases should proceed with the presumption that questions need to be answered first at trial, not by certification to this Court. "By making a ruling or decision, after the benefit of counsels' research and argument and *then* certifying a question to this Court, the trial justice \* \* \* creates a thorough record, as well as provides this Court with the benefit of his or her reasoning and rationale in making our decision." *Pierce v. Pierce*, 770 A.2d 867, 870 (R.I. 2001).

Apart from transcripts of pretrial hearings and the parties' memoranda supporting or opposing respondent's motion for a trial by jury, there exists no record in this case that aids our review. We have cautioned in the past that "[i]n the absence of a transcript or other adequate record of the hearing below \* \* \* we are unable to

---

**3.** Although this section includes no reference to the Family Court, G.L.1956 § 8–10–43 applies this section to the Family Court, "at least when exercising juvenile court jurisdiction." *In re Correia*, 104 R.I. 251, 254 n. 2, 243 A.2d 759, 760 n. 2 (1968).

conduct a meaningful review of the trial justice's decision or to pass upon the issue raised by the defendant." *Harrold v. Kaufman,* 430 A.2d 423, 424 (R.I.1981). *See also White v. LeClerc,* 422 A.2d 1256, 1257 (R.I.1980); *Citizens for Preservation of Waterman Lake v. Davis,* 119 R.I. 684, 685, 381 A.2d 1365, 1366 (1978). When, as here, we received questions to consider without the benefit of the trial justice's frontrow view of the case and an analysis provided to us in his decision, we are deprived of the trial justice's efforts to resolve the issues.

### Presumption of Constitutionality

■ In dealing with constitutional issues, "[b]ecause of the broad plenary power of the General Assembly, this [C]ourt's evaluation of legislative enactments has been extremely deferential; moreover, we have interfered with such enactments only when the legislation at issue palpably and unmistakably could be characterized as an excess of legislative power." *City of Pawtucket v. Sundlun,* 662 A.2d 40, 44–45 (R.I. 1995). Consequently, legislative enactments by the General Assembly are presumed "to be valid and constitutional," *State v. One 1990 Chevrolet Corvette,* 695 A.2d 502, 505 (R.I.1997), and the challenging party is required to bear "the burden of persuading the court that the act violates an identifiable aspect of the Rhode Island or the United States Constitution." *In Re Advisory Opinion to the Governor,* 659 A.2d 95, 100 (R.I.1995).

■ In the instant case, the constitutionality of the registration act was not raised in the Family Court, and the failure to bring this issue before that court for

judicial determination is fatal to the first certified question. Our position here is not a new one. Ninety years ago, we advised that "[t]he certification should be made only after the question has been formally raised on the record and in some appropriate proceeding it is presented to the trial court." *Fletcher v. Board of Aldermen of Newport,* 33 R.I. 388, 390, 81 A. 193, 193 (1911). *See also Tillinghast v. Johnson,* 34 R.I. 136, 139, 82 A. 788, 790 (1912) (holding that a certified question must be "one actually presented to [the trial] justice"). We are of the opinion that the certification of the broad question of constitutionality of the registration act as applied to juveniles was premature and is more appropriately addressed in a case in which the requirement of registration already had been imposed on a juvenile. As we have repeatedly stated, "when the parties bypass the appropriate proceedings in the [trial] [c]ourt in order to precipitate the holding of this Court, we are deprived of the considerable benefit of a more complete record and of the trial justice's decision and its rationale prior to review by this Court." *Martin,* 671 A.2d at 802.

■ With respect to the second and third certified questions, it is our opinion that those questions were "not so obscure or enigmatic as to preclude [their] successful resolution by the trial justice." *Id.* "Megan's Law"[4] and its implications for juvenile sexual offenders have not yet been fully addressed by this Court, and no doubt they will be the subject of review in future cases after adjudication at trial, at which time we expect to have the benefit of a more thoroughly developed record.

---

4. General Laws 1956 chapter 37.1 of title 11 is modeled after New Jersey's comprehensive sexual offender registration and community notification statute, named after seven-year-old Megan Kanka, who was abducted, raped, and murdered by a neighbor who, unknown to her community in New Jersey, had been twice convicted of sex offenses involving young girls. *In re Matthew A.,* 743 A.2d 553, 554 (R.I.2000) (per curiam).

## Conclusion

In summary, in light of the context of the case, it is our opinion that it was the obligation of the trial justice to deal with the issues presented in the certified questions in order for this Court to review a complete record, including the trial justice's decision. We must, therefore, decline to respond to the certified questions, and consequently we remand the case to the Family Court for further proceedings.