CHARLES R. EASTON, *Ex. vs.* MARY L. FESSENDEN, *Adm'x.*

JUNE 14, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

12

CAPOTOSTO, J. This case is before us on certification from the superior court of a question of doubt and importance. The case is actually pending in the superior court on appeal from a ruling of the probate court of the town of Cumberland. The record shows that while the case stood assigned for trial on the regular jury-trial calendar for January 16, 1939, the appellee filed a motion, which came before a justice sitting on the motion calendar, asking that he certify to this court, under the provisions of general laws 1923, chapter 348, sec. 5, the following question as a question of doubt and importance. "Does Chapter 364, § 6, of the General Laws of 1923, empower a Court of Probate to set

off and assign to the widow of a deceased whose estate is being administered therein, or to the estate of such widow, the household effects and supplies of such deceased as of the time of his decease, upon a petition filed by the executor of such widow after her decease?" The motion was granted and the question was accordingly certified to us.

What hearing, if any, was had before the justice who granted the motion does not appear of record. It may well be that he granted it upon agreement of counsel. However, it is clear that at that time there was not *then* actually before the said justice any particular phase of this case which presented to him an issue that necessarily involved the determination, in his ruling or decision thereon, of the question of law that he certified to this court.

The parties admit that the proceeding for certification in this case is novel, and we agree with them in this respect. But, however desirable their purpose may have been in attempting such innovation, we see no reason for making an exception to the practice heretofore fixed by various decisions of this court for the certification of a question of law under G. L. 1923, chap. 348, sec. 5. We find no warrant for a justice of the superior court or of a district court to certify a question of law to us as one of doubt and importance, when, at the time of certification, the case is not before him for a ruling or decision on a particular phase of the case which necessarily involves a determination of the question of law that he certifies.

It may be that such question will arise later in the case and that the justice, for reasons of expediency, may believe that the determination of the question in advance by this court is desirable, but this is not enough to satisfy the statute as construed in our cases. In *Murray* v. *Taylor*, 43 R. I. 5, this court, quoting the language of Sweetland, J. in *Tillinghast* v. *Johnson*, 34 R. I. 136, at page 139, has said thus: "To be a question of law, the certification of which is

contemplated by the statute, it must be one actually presented to said justice, and one the determination of which is necessarily involved in his ruling or decision upon the particular phase of the case then before him". *Fletcher* v. *Board of Aldermen*, 33 R. I. 388, 390.

The fatal objection to the certification in this case is that at the time of certification the justice, who granted the motion to certify the question to this court, was under no duty to make a ruling or decision in the case itself which necessarily involved a judicial determination by him and at that time of such question. His action in granting the motion for certification amounted to nothing more than the expression of his belief that the question was involved in the case and that it might arise before the justice who eventually would be charged with the duty of ruling thereon.

But the justice to whom the question would be presented for judicial determination might take an entirely different view of the situation. After all, the question certified to us apparently concerns merely the application of a statute (G. L. 1923, chap. 364, sec. 6) to a definite set of facts, which is a matter of common occurrence in the trial courts. In the circumstances, we have reason to believe that the justice, to whom the question may be presented for judicial determination in the trial of the case or in a hearing on some particular phase thereof, might fairly decide that the question, though important, was not of such doubt as to require its certification to this court. It frequently happens that a question of law, which at first sight appears perplexing, loses its apparent perplexity upon deliberate examination by the justice whose duty requires that he decide such question. *Ford* v. *Waldorf System, Inc.*, 57 R. I. 131, 138.

The responsibility of passing upon important and doubtful questions rests upon the trial court in the first instance. A question of law should not be certified to this court as one of doubt and importance unless, after careful consideration,

a justice of the superior court or of a district court, who is actually required to make a ruling or decision necessarily involving the determination of an important and doubtful question, entertains such doubt concerning the question as to make him feel that he is unable to reach a satisfactory conclusion in respect thereto. *State* v. *Karagavoorian,* 32 R. I. 477, 484. *Tillinghast* v. *Johnson, supra.*

For the reasons stated, we are of the opinion that the certification in this case is not proper.

The papers in the case are therefore sent back to the superior court as improperly certified.

CONDON, J., dissenting. This is a probate appeal. The probate court decided that it was without power, by reason of the death of the widow, Agnes A. Fessenden, to grant to her personal representative such property of her deceased husband as it is authorized to do by G. L. 1923, chap. 364, sec. 6. In other words, the probate judge held that where a widow did not in her lifetime exercise her right to apply to the probate court for such property of her deceased husband, her personal representative was without any legal standing to do so after her decease.

The personal representative claimed an appeal from this ruling of the probate court. He filed his reasons of appeal in the superior court, setting out this action of the probate court as one of his reasons of appeal. His claim of appeal in the probate court and the filing of his reasons of appeal in the superior court clearly raised in this case in the superior court "prior to trial thereof on its merits" a "question of law" within the meaning of those terms as used in G. L. 1923, chap. 348, sec. 5. As far as I have been able to find, there is no practice which has been adopted or procedure which has been prescribed for raising pure questions of law, not dependent upon evidence, in the superior court on probate appeals before trial thereof. It is not the practice to demur

or plead or to move to dismiss the reasons of appeal for the purpose of raising some question of law before the call for trial. The reasons of appeal themselves raise such questions of law just as do the reasons of appeal in an equity appeal before us.

Must an appellant in a probate appeal wait until his appeal is called for trial, a jury impanelled, and the appeal formally opened to the court and jury, before he can ask the court to exercise its authority to certify to this court a pure question of law which he claims to be of doubt and importance? Why may he not invoke that authority before trial by filing a motion which thereby brings to the attention of the court the question of law pending before it and which question must, of necessity, in any event be determined when the case is called for trial?

In the ordinary case at law or in equity a party may raise such a question before trial by demurrer or plea. In other words, during the period of pleading, while the parties are engaged in formulating the ultimate issue or issues to be tried, it is an appropriate time, according to the statute, to ask the court to certify a question which the court deems to be of doubt and importance. The corresponding period is reached in a probate appeal when the reasons of appeal are filed in the superior court. The issues to be tried are there raised and are then ready for trial; and they are the only issues. *Gilbert* v. *Hayward,* 37 R. I. 303. Again the question recurs, why then must a probate appellant's opportunity to invoke the benefit of chap. 348, sec. 5 be postponed to the day of trial?

I am at one with the court in its purpose to prevent the abuse of the privilege granted by sec. 5, but I question the efficacy as well as the soundness of the practice which necessitates sending this case back to the superior court merely because it was certified here by that court on motion before the case was actually called for trial before that court. I

anticipate that such practice will generate in the future a greater evil than any it is designed to cure. The waste of time of the superior court's trial calendar and, on occasions, the needless impanelling of juries are in themselves sufficient reasons, if others were lacking, to cause us not to do what the court is here doing.

The instant case especially does not justify it. At the very threshold of the case this question of law arises: "Is the appellant a proper petitioner under chap. 364, sec. 6?" This question is necessarily in the case and cannot be avoided. It must be decided sometime. The superior court deems it of doubt and importance. It may be that it is neither; and, in order for us to be called upon to answer the question certified, it must be both. *State* v. *Karagavoorian, supra.* Whether it is or not, however, is not the precise question presently under consideration. That question is whether the question of law as certified has arisen in this probate appeal within the meaning of chap. 348, sec. 5. I think it has, and for this reason I cannot agree with the opinion of the majority of the court. My disagreement, however, with what is there held, is confined only to this case, which is a probate appeal, and I do not wish to be understood as disagreeing with the application of what the court has there said to other cases which originate in the superior court or which come to that court by appeal from the district court, in all of which cases there is a time for pleading before trial in which questions of law may be raised.

*Charles R. Easton,* for appellant.

*Tillinghast, Collins & Tanner, Horace L. Weller,* for appellee.