298 A.2d 806.

PAUL A. JEROME *vs.* PAUL E. PRATT and
ROBERT J. KRESS, JR.

JANUARY 18, 1973.

PRESENT: Roberts, C.J., Paolino, Powers. Joslin and Kelleher, JJ.

JOSLIN, J.  Paul E. Pratt and Robert J. Kress, Jr. are each charged with knowingly distributing advertising material at the home of a Tiverton resident without the owner's consent and in violation of §3-28 of the town code.[1] The two cases were consolidated and each defendant then moved to quash on the ground that the ordinance upon which the complaint and warrant were based was violative of and repugnant to the state and federal constitutions and

---

[1]While the complaint and warrant in the Pratt case charge distribution of the material, the agreed statement of facts shows only that he "attempted to deliver such material" at that home.

beyond the authority of the town council to enact under the enabling legislation. After hearing arguments of counsel, which the parties agree were neither extensive nor supported by research, a judge sitting in the Second Division of the District Court found that the issues raised were of such doubt and importance and so affected the merits of the controversy that they required determination by this court before further proceedings could be had in the District Court. Accordingly, pursuant to G. L. 1956 (1969 Reenactment) §9-24-27 he certified for our determination the following questions:

I. "Is *Section 28, Chapter 3, of the Ordinances of the Town of Tiverton,* illegal and invalid as an unreasonable and unauthorized exercise of the police power conferred upon the Town Council of the Town of Tiverton by *General Laws of Rhode Island, 1956, Section 45-6-1?*"

II. "Is said Ordinance violative of, and repugnant to, *Article IV, Section 2* of the *Constitution of the State of Rhode Island and Providence Plantations?*"

III. "Is said Ordinance violative of, and repugnant to, *Article I, Section 8, of the Constitution of the United States?*"

IV. "Is said Ordinance violative of, and repugnant to, *Article of Amendment I to said Constitution of the United States* and *Article I, Section 20, of said Constitution of the State of Rhode Island and Providence Plantations?*"

V. "Is said Ordinance violative of, and repugnant to, *Article of Amendment XIV, Section 1, to said Constitution of the United States?*"

The parties have elected not to brief or argue the third question. Their reason is obvious. Article I, Section 8 of the Federal Constitution deals with the powers granted to

58

the Congress and is totally without bearing on the validity of the challenged ordinance.

In addition, some of the other certified questions do not state separately and in clear and direct language which specific article, section, and clause of the Federal Constitution is allegedly violated. Such a statement is a prerequisite, and a certification is insufficient if, for example, it refers only to section I of the fourteenth amendment to the Federal Constitution without also specifying whether it is the due process, privileges and immunities, or equal protection clause which is pertinent. *United States Time Corp.* v. *Ann & Hope Factory Outlet, Inc.*, 98 R. I. 503, 506, 205 A.2d 125, 127 (1964); *Brown* v. *Waldman*, 93 R. I. 489, 494, 177 A.2d 179, 182 (1962); *Haigh* v. *State Board of Hairdressing*, 74 R. I. 106, 108-09, 58 A.2d 925, 926-27 (1948). The reference in the fourth question to the first amendment, and in the fifth to section I of the fourteenth amendment, do not meet this certainty requirement, and the portions of those questions relating to these provisions are not, therefore, in any event entitled to an answer.

The foregoing deficiencies persuade us that the trial justice certified these questions without having carefully considered whether they were really as perplexing as they might at first blush have seemed. That kind of careful consideration is a pre-condition to certification under §9-24-27. Even then, a trial justice should not certify unless, after first having had the benefit of counsels' research and informed arguments, he continues to entertain such doubts concerning the question that he feels unable to resolve it satisfactorily. *State* v. *Walsh*, 108 R. I. 518, 523, 277 A.2d 298, 301 (1971); *State* v. *Flynn*, 100 R. I. 520, 522-23, 217 A.2d 432, 433 (1966); *Easton* v. *Fessenden*, 63 R. I. 11, 14-15, 6 A.2d 714, 715 (1939); *Tillinghast* v. *Johnson*, 34 R. I. 136, 139, 82 A. 788, 790 (1912). Nothing in this record, or in counsels' representations, suggests that the certification in each of these

cases was other than a pro forma ruling recognizing an agreement of counsel.

For the reasons indicated we decline to answer the questions certified and we order the papers in each case sent back to the District Court, Second Division.

*Corcoran, Peckham & Hayes, Kathleen Managhan,* Town Solicitors of the Town of Tiverton, for plaintiff.

*Matthew J. Faerber, Frederick W. Faerber, Jr.,* for defendants.