340 A.2d 118.

ROBERT J. RICHARDSON *p.p.a. vs.* JOSEPH BEVILACQUA,
*Director, Department of Mental Health,
Retardation & Hospitals et al.*

JUNE 27, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is a petition brought by Robert J. Richardson of the town of Barrington through his parents praying that the Family Court order the Department of Mental Health, Retardation & Hospitals of the State of Rhode Island (Department) and the School Committee of the Town of Barrington (School Committee) to fund the placement of the petitioner's son, Robert K. Richardson, in a residential educational program under either G. L. 1956 (1969 Reenactment) §40.1-7-3 or §16-24-1. The petition was filed on January 9, 1975.

On February 14, 1975, a justice of the Family Court entered a decree wherein he found that the minor petitioner is an emotionally disturbed child as defined in §40.1-7-4(5), having been so evaluated by the Department, and upon such evaluation the said Department procured a suitable placement for the said minor petitioner. He further found that the Department had not placed the minor petitioner in said school because of a lack of funds.

The decree then sets out that the court, after a complete evaluation of the pertinent provisions of the statutes and because of the importance of the issues raised in the matter, was of the opinion that certain questions should be certified to the Supreme Court before further and final

action be taken herein and, in accordance with that finding, has certified a number of questions to this court. The court also granted petitioner temporary relief pending determination of the questions so certified, ordering the Department to place the minor petitioner at Harmony Hill School or, a place there being unavailable, at some other suitable location and that the funds for his placement and accommodation be provided by the Department with contribution by the School Committee to the extent required by law.

The certification in this case was made pursuant to the provisions of G. L. 1956 (1969 Reenactment) §9-24-27, which, in pertinent part, provide that where a question of law shall arise which, in the opinion of the court, "* * * is of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the supreme court before further proceedings, the court in which the cause is pending shall certify such question or motion to the supreme court for that purpose * * *." In *In re Correia*, 104 R. I. 251, 243 A.2d 759 (1968), we held that this statute included the Family Court as the recipient of the power of certification therein set out.

A certification statute substantially the same in form as §9-24-27 has been part of the law of this state at least since the adoption of the Court and Practice Act of 1905. This court has interpreted its provisions and explicitly delineated the limitations on the authority of the trial court to certify in a number of opinions. In *Tillinghast* v. *Johnson*, 34 R. I. 136, 82 A. 788 (1912), this court, speaking through Mr. Justice Sweetland, specifically held that the certification of a question under the statute requires more than that it merely be a question on which a justice is unwilling, at the time at least, to make an immediate ruling. In that case the court said that many questions, when presented to a trial court, may appear

difficult of solution, but which with deliberate examination lose their complexity. The court ruled that it is only after careful consideration, aided by the arguments and research of counsel, that the justice, still being unable to reach a satisfactory conclusion and the question still appearing to be doubtful to him, properly may consider it to be of such doubt that it ought to be determined by the Supreme Court and certified.

In *Easton* v. *Fessenden*, 63 R. I. 11, 14, 6 A.2d 714, 715 (1939), this court, speaking through Mr. Justice Capotosto, said: "The responsibility of passing upon important and doubtful questions rests upon the trial court in the first instance. A question of law should not be certified to this court as one of doubt and importance unless, after careful consideration, a justice of the superior court or of a district court, who is actually required to make a ruling or decision necessarily involving the determination of an important and doubtful question, entertains such doubt concerning the question as to make him feel that he is unable to reach a satisfactory conclusion in respect thereto."

In recent years this court has consistently adhered to the policy stated in the above-cited cases and held that questions should not be certified without careful consideration being given as to whether they were really as perplexing as they might at first seem. That kind of careful consideration is a precondition to certification under the statute, but, even then, a trial justice should not certify unless, after first having had the benefit of adequate research by counsel and informed arguments, he continues to entertain such doubts concerning the question that he feels unable to resolve it satisfactorily. *Jerome* v. *Pratt*, 111 R. I. 56, 298 A.2d 806 (1973); *State* v. *Walsh*, 108 R. I. 518, 277 A.2d 298 (1971); *State* v. *Flynn*, 100 R. I. 520, 217 A.2d 432 (1966).

It may be true in the instant case that counsel for petitioner, the trial justice, and the Attorney General did discuss the nature of the questions that inhered in the statutory provisions which could affect the outcome of the instant case. However, absent from the record here is any persuasive showing that a thorough and comprehensive hearing was held on the case or that counsel for all of the parties assisted the court on the basis of their informed and exhaustive research into the questions involved. In fact, counsel for the School Committee informed the court during oral argument that he had never participated in any hearing prior to the issuance of the order of certification.

Thus, we cannot escape concluding that certification here was motivated primarily by the desire of the parties to reach promptly a final decision by this court with regard to the obligation of the Department to fund these cases, rather than by the inability of the trial court to resolve a legal question after implementation of its numerous resources and exhaustive research for the purpose of reaching a satisfactory resolution of such question. Consequently, we must conclude that the questions posed to this court in the instant case were improperly certified. This court refuses to encourage short-circuiting of proper trial procedure by entertaining improperly certified questions.

In the circumstances we must decline responding to the questions certified and remand the case to the Family Court for further proceedings.

*Oster, Espo, Fay & Groff, Irving N. Espo,* for petitioners.

*Julius C. Michaelson,* Attorney General, *Keven A. McKenna,* Asst. Attorney General, *Michael DeFanti,* Town Solicitor, for respondents.