**217 A.2d 432.**

STATE *vs.* EDMUND NORMAN FLYNN.

MARCH 11, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

JOSLIN, J. This indictment charges the defendant with the common-law crime of misprision of felony. The defendant by demurring to and moving to quash the indictment raised questions of law which, in the opinion of the justice of the superior court before whom those questions were heard, were of such doubt and importance that they required determination by us before further proceedings were had in the superior court. Accordingly, pursuant to G. L. 1956, §9-24-27, he certified for our determination the following questions:

"1) Is the common law crime of 'misprision of felony' an indictable offense under the Constitution and laws of this State?

"2) If the answer to question one is affirmative, do the allegations set out in the indictment sufficiently and properly identify such an offense?"

That misprision of felony was a crime known at common law is implicit in the first question certified to us. Blackstone defined it as concealment of a felony which a man knows but never assented to, 2 Sharswood's Blackstone's Commentaries, book 4, (1860 ed.) 121, p. 407, and Chitty said that any person knowing a crime to have been committed and concealing it, even though he has not actively assisted the offender, will be guilty of a misprision of the crime which he has been instrumental in concealing. 1 Chitty, Criminal Law (3d Am. ed. 1836), 3. Elsewhere it is described generally as a criminal neglect either to prevent a felony from being committed, or to bring the defendant to justice after its commission, but without such previous concert with or subsequent assistance to the felon as would make the concealer an accessory before or after the fact. *State* v. *Wilson*, 80 Vt. 249; *State* v. *Biddle*, 32 Del. 401; 1 Wharton, Criminal Law and Procedures (12th ed.) §112, p. 244.

While the list of offenses punishable by the statutes of this state does not include misprision of felony, the legisla-

ture has provided in §11-1-1 that every act and omission which was an offense at common law and for which no punishment is specifically prescribed may be prosecuted and punished as an offense at common law. Based upon that statute, or its precursors, this court held in *State* v. *Horton,* 47 R. I. 341, that the act of misleading, cheating, defrauding and defeating public justice was an indictable offense even though not interdicted under a specific statutory listing. We reached a similar result as to champerty in *Martin* v. *Clarke,* 8 R. I. 389, and in *State* v. *Eastern Coal Co.,* 29 R. I. 254, we said that the law relative to the common-law offense of engrossing, although dormant in this state, might, because of the statute making offenses at common law subject to prosecution and punishment, be applied.

In our judgment the statute is sufficiently embracing to make misprision of felony an indictable offense in this state. We answer the first question in the affirmative.

In the second question we are asked to determine whether the allegations set out in the indictment sufficiently and properly identify the offense of misprision of felony.

That question, like the one certified in *Poirier* v. *Quinn,* 83 R. I. 98, is "peculiar." It raises the issue of whether the indictment is demurrable. The legal sufficiency of an indictment is a problem which the superior court frequently passes on and ordinarily, at least in the first instance, it furnishes, as it should, the answer. It is not a trial justice's unwillingness to decide a question which will justify his certifying it to us for resolution, but only his serious doubt as to how it should be determined. It should not be certified under the statute unless the trial justice "after careful consideration, aided by the arguments and the researches of counsel" is "unable to reach a satisfactory conclusion." *Tillinghast* v. *Johnson,* 34 R. I. 136, 139.

It is too obvious to require further discussion that the rationale of *Tillinghast* v. *Johnson, supra,* made it both the

right and the duty of the superior court to pass on the legal sufficiency of this indictment. For that reason we hold that the second question was not properly certified under the statute.

The papers in the case with our answers to the questions certified are returned to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *Natale L. Urso*, Special Counsel to the Attorney General, for State.

*Anthony Grilli, Anthony E. Grilli*, for defendant.