**MILES-UN-LTD., INC., et al.**

v.

**Daniel P. FANNING et al.**

**No. 92–384–Appeal.**

Supreme Court of Rhode Island.

May 11, 1993.

**844**

Robert Mann, Mann & Mitchell, Mark Hagopian, Visconti & Petrocelli, Amato De-Luca, Mandell, DeLuca & Schwartz, Providence, George Comolli, Westerly, for plaintiffs.

Richard B. Woolley, Asst. Atty. Gen., Veronica Ridolfi, Dept. of Transp., Providence, for defendants.

### OPINION

MURRAY, Justice.

This case arises from a series of questions certified to this court from the Superior Court pursuant to G.L.1956 (1985 Reenactment) §§ 9–24–25 and 9–24–27. In accordance with the provisions of § 9–24–25 the parties submitted an agreed statement of facts that disclosed the following events.

The plaintiffs, Miles–Un–Ltd., Inc., the Moped Man, Finnemore & Fisher, Inc., d.b.a. Island Mopeds, and Aldo's Mopeds, Inc., operate seasonal moped-rental businesses on Block Island, Rhode Island. In 1988 the Rhode Island Department of Transportation (DOT) issued Miles–Un–Ltd., the Moped Man, and Finnemore & Fisher self-insurance certificates pursuant to G.L.1956 (1982 Reenactment) § 31–33–9. In 1989 DOT issued Aldo's Mopeds a self-insurance certificate pursuant to the same statutory authority. Upon application by plaintiffs, DOT renewed their self-insurance certificates in 1989 and 1990.

In 1991 DOT refused to renew the self-insurance certificate of plaintiff Miles–Un–Ltd. and DOT sent notice to the remaining plaintiffs of the possible future revocation of their self-insurance certificates and the possible loss of registration of plaintiffs' vehicles. The DOT based these actions upon its interpretation of § 31–33–9 and G.L.1956 (1982 Reenactment) § 31–34–1, as amended by P.L.1982, ch. 28, § 1.

Prior to 1991 DOT had issued self-insurance certificates pursuant to § 31–33–9 when an applicant possessed at least $60,000 in assets. In addition, prior to 1991 DOT issued vehicle registrations pursuant to § 31–34–1 whenever an applicant possessed a self-insurance certificate issued by DOT pursuant to § 31–33–9.

In January of 1991, DOT reinterpreted §§ 31–33–9 and 31–34–1 and took the position that an applicant for a self-insurance certificate must possess assets equal to $75,000 per vehicle registered. In addition DOT took the position that any applicant for registration pursuant to §§ 31–34–1 and 31–34–2 must possess an insurance policy in the amount required by § 31–34–1. According to DOT's 1991 reinterpretation of these statutes, an applicant no longer could use a self-insurance certificate to satisfy the requirements for registration under §§ 31–34–1 and 31–34–2.

A Superior Court justice awarded plaintiffs a temporary restraining order compelling DOT to issue a self-insurance certificate to plaintiff Miles–Un–Ltd. and restraining the revocations of the self-insurance certificates held by the remaining plaintiffs pending the litigation of this matter. The plaintiffs and DOT subsequently agreed to settle the matters between them on the basis of our answers to the following certified questions:

"1. (A) Is Section 31–33–9 of the Rhode Island General Laws part of a statutory scheme whose only purpose is to prove financial responsibility after an accident pursuant to Rhode Island General Laws Section 31–32–20?

(B) Is Section 31–47–7 of the Rhode Island General Laws part of a statutory scheme whose only purpose is to prove 'financial stability' pursuant to Rhode Island General Laws Chapters 31—47 et seq.?

"2. (A) Must owners of rental vehicles who possess Certificates of Self-

Insurance issued pursuant to Sections 31–33–9 or 31–47–7 of the Rhode Island General Laws prove financial responsibility under Section 31–34–1, in order to register their vehicles?

(B) Can a Certificate of Self–Insurance issued under Sections 31–33–9 or 31–47–7 be used to satisfy the requirements of Rhode Island General Laws Section 31–34–1 & 2?

"3. If a Certificate of Self–Insurance issued under Sections 31–33–9 or 31–47–7 can be used to satisfy the requirement of Sections 31–34–1 & 2, must such Certificate be based on assets of $60,000 per vehicle or $60,000 per self-insured entity?"

As is evident from the stipulated facts and the certified questions, this case involves a number of statutory provisions that contain a myriad of technical requirements. It is helpful to review the statutes at issue in this case in order to achieve an understanding of the certified questions addressed to this court and the issues involved.

I

THE MOTOR VEHICLE SAFETY RESPONSIBILITY ACT

The first set of statutory provisions at issue in this case are found in the Motor Vehicle Safety Responsibility Act, which the General Assembly enacted in 1962 and which contains three chapters. Chapter 31 of title 31 is entitled "Safety Responsibility Administration—Security Following Accident." Chapter 32 of title 31 is entitled "Proof Of Financial Responsibility For The Future." Chapter 33 of title 31 is entitled "Safety Responsibility Violations—General Provisions." Public Laws 1962, ch. 204, § 2. See § 31–33–18 (stating that chapters 31 to 33 of title 31 may be cited as the Motor Vehicle Safety Responsibility Act).

Pertinent to this case is G.L.1956 (1982 Reenactment) chapter 32 of title 31, which requires, in certain instances, businesses or persons to prove to DOT that they are financially responsible. Section 31–32–1 discusses when an individual or a business

must provide proof of financial responsibility. It states:

"Application of chapter.—The provisions of this chapter requiring the deposit of proof of financial responsibility for the future, subject to certain exemptions, shall apply with respect to persons who have been convicted of or forfeited bail for certain offenses under motor vehicle laws or who have failed to pay judgments upon causes of action arising out of ownership, maintenance or use of vehicles of a type subject to registration under the laws of this state."

Section 31–32–2, as amended by P.L. 1991, ch. 167, defines "proof of financial responsibility for the future" and requires that an individual or a business prove that he, she, or it is able to "respond in damages for liability" by providing to DOT evidence that the individual or business possesses a certain amount of assets. Section 31–32–19 prohibits DOT from registering a vehicle "in the name of any person required to file proof of financial responsibility for the future unless such proof shall be furnished for such vehicle."

A party seeking to prove financial responsibility pursuant to chapter 32 of title 31 is not limited, however, to submitting evidence of the requisite amount of assets. Section 31–32–20 provides in pertinent part:

"Alternate methods of giving proof.—Proof of financial responsibility when required under this chapter, with respect to such a vehicle or with respect to a person who is not the owner of such a vehicle, may be given by filing:

\*　　\*　　\*　　\*　　\*　　\*

(4) A certificate of self-insurance, as provided in § 31–33–9, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same amounts that an insurer would have been obliged to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer."

Section 31–33–9 sets forth the requirements for obtaining a self-insurance certificate.

Thus the Motor Vehicle Safety Responsibility Act requires an individual or business, after the commission of a motor-vehicle offense or the failure to pay a judgment, to prove the individual or the business has the ability to pay judgments rendered against him, her or it. The normal method for proving financial responsibility is to submit evidence of the requisite amount of assets in compliance with § 31-32-2. An individual or a business, however, may also prove financial responsibility for the future by furnishing to DOT a self-insurance certificate obtained in compliance with § 31-33-9 along with the supplemental agreement required by § 31-32-20.

In 1988 and 1989 all plaintiffs in this case obtained self-insurance certificates.

## II

### THE MOTOR VEHICLE REPARATIONS ACT

The second set of statutory provisions referred to by the parties in this case appears in G.L.1956 (1982 Reenactment) chapter 47 of title 31, as enacted by P.L.1991, ch. 167, which is entitled the "Motor Vehicle Reparations Act." This act sets forth a scheme of mandatory-automobile insurance. As of this date, this statutory scheme is not in force. *See* P.L.1992, ch. 431, § 2 (delaying the date upon which individuals must purchase automobile insurance to February 1, 1993); Senate Bill No. 93–S141, to be codified at P.L.1993, ch. 4 (further delaying the date to November 1, 1993). Chapter 47 of title 31 is pertinent to this case, however, because § 31–47–7 essentially mirrors § 31–33–9 and provides that persons may continue to act as self-insurers if and when mandatory-automobile insurance becomes effective in Rhode Island.

## III

### RESPONSIBILITY OF OWNERS OF RENTAL VEHICLES

The third set of statutory provisions at issue in this case appears in chapter 34 of title 31, which governs the responsibilities of owners of rental vehicles. The General Assembly enacted what appears today as §§ 31–34–1 and 31–34–2 in 1950, twelve years before the enactment of the above-cited Motor Vehicle Safety Responsibility Act. Public Laws 1950, ch. 2595, art. 20. Section 31–34–1 requires owners of rental vehicles to prove financial responsibility. It states:

"It shall be unlawful for the owner of any motor vehicle or truck engaged in the business of renting motor vehicles or trucks without drivers to rent a motor vehicle without a driver otherwise than as a part of a bona fide transaction involving the sale of such motor vehicle or truck unless he has previously notified the registry of the intention to so rent such vehicle and has given proof of financial responsibility, in the following amounts:

Ten thousand dollars ($10,000) for property damage;

Twenty-five thousand dollars ($25,000) for injury or death sustained by one (1) person;

Fifty thousand dollars ($50,000) for all personal injuries or deaths resulting from one (1) accident.

And the registry shall not register any such vehicle unless and until the owner gives proof of financial responsibility as provided in this chapter. The registry shall cancel the registration of any motor vehicle or truck rented without a driver whenever the registry ascertains that the owner has failed or is unable to give and maintain such proof of financial responsibility."

Section 31–34–2 indicates that owners of rental vehicles must obtain insurance policies. It states that "[t]he owner shall maintain such policy or policies in full force and effect during all times that he is engaged in the business of renting any motor vehicle without a driver."

## IV

### THE CERTIFIED QUESTIONS

It is our perception that the core dispute between plaintiffs and DOT in this case

appears in questions 2(A) and 2(B) of the certified questions. The parties wish to know whether an individual or a business who possesses a self-insurance certificate issued pursuant to either § 31–33–9 or § 31–47–7, when and if it becomes effective, also needs to prove financial responsibility pursuant to § 31–34–1, which covers the owners of rental vehicles. If the answer to this question is yes, "possessors of self-insurance certificates who seek to rent vehicles without a driver must prove financial responsibility pursuant to § 31–34–1"—the parties wish to know whether the possession of a self-insurance certificate automatically satisfies the requirements of §§ 31–34–1 and 31–34–2.

The plaintiffs' position on this issue is that once an individual or a business obtains a self-insurance certificate, the individual or the business does not need to prove financial responsibility pursuant to the provisions of §§ 31–34–1 and 31–34–2. The plaintiffs also argue that even if an individual or a business that possesses a self-insurance certificate is subject to the requirements of §§ 31–34–1 and 31–34–2, the self-insurance certificate automatically satisfies these requirements.

According to the stipulated facts, prior to 1991 DOT agreed with plaintiffs and registered rental vehicles pursuant to § 31–34–1 whenever the owner of the vehicles possessed a self-insurance certificate. In 1991 DOT changed its position, and DOT now argues that an applicant who possesses a self-insurance certificate must also prove financial responsibility in accordance with the requirements of §§ 31–34–1 and 31–34–2.

Our review of the text of § 31–34–1 leads us to conclude that DOT's current interpretation of these statutes is correct and that a self-insurance certificate is insufficient to satisfy the requirements of §§ 31–34–1 and 31–34–2. Section 31–34–1 states in part that "the registry shall not register any such vehicle *unless and until the owner gives proof of financial responsibility as provided in this chapter.*" (Emphasis added.) The chapter that the General Assembly refers to in this language is chapter 34, which specifically defines "proof of financial responsibility" as it pertains to the owners of rental vehicles.

The plaintiffs in this case have not proved financial responsibility as provided in chapter 34. The plaintiffs only possess self-insurance certificates issued pursuant to chapters 32 and 33 of title 31. We believe the language "until the owner gives proof of financial responsibility as provided in this chapter" indicates that the General Assembly intended all owners of rental vehicles to adhere specifically to the requirements of chapter 34 of title 31 and that the possession of a self-insurance certificate issued pursuant to a separate statutory provision does not meet the requirements of §§ 31–34–1 and 31–34–2. *See Gilbane Co. v. Poulas,* 576 A.2d 1195, 1196 (R.I. 1990) (stating that when a statute is clear on its face, the statute's plain meaning controls).

The plaintiffs argue that this interpretation of these statutes is erroneous because it places § 31–33–9, which allows individuals to become self-insurers, in direct conflict with §§ 31–34–1 and 31–34–2. The plaintiffs point out that one of the purposes underlying § 31–33–9 is to allow self-insurance-certificate holders to conserve assets by becoming self-insurers instead of expending their assets on insurance premiums. *Ellis v. Rhode Island Public Transit Authority,* 586 A.2d 1055, 1059 (R.I. 1991). The plaintiffs also point out that § 31–34–2 appears to require the owners of rental vehicles to purchase insurance policies. The plaintiffs conclude that if we require holders of self-insurance certificates under § 31–33–9 also to prove financial responsibility under §§ 31–34–1 and 31–34–2, we would defeat the purpose of the self-insurance statute because those holders would have to expend assets on the purchase of insurance policies.

Contrary to plaintiffs' argument, our belief is that § 31–33–9 is not in "obvious conflict" with §§ 31–34–1 and 31–34–2 because the two statutory schemes cover different subject matter. The Motor Vehicle Safety Responsibility Act, which contains the provisions regarding self-insurance, re-

quires DOT to demand proof of financial responsibility "with respect to persons who have been convicted of or forfeited bail for certain offenses under motor vehicle laws or who have failed to pay judgments upon causes of action arising out of ownership, maintenance or use of vehicles." Section 31–32–1. In contrast, § 31–34–1 applies even when the owner of a rental vehicle has not committed a motor-vehicle offense or failed to pay a judgment. Section 31–34–1 requires all owners of rental vehicles to prove financial responsibility as a prerequisite to registering the rental vehicles.

We believe the General Assembly chose to require owners of rental vehicles to comply with a more rigorous standard for proving financial responsibility than normal operators of motor vehicles. We conclude that § 31–34–1 means exactly what it says and that the possession of self-insurance certificates pursuant to § 31–33–9 or § 31–47–7 is insufficient to comply with the requirements of §§ 31–34–1 and 31–34–2.

Our resolution of certified questions 2(A) and 2(B) also disposes of certified question 3. Question 3 states:

"If a Certificate of Self–Insurance issued under Sections 31–33–9 or 31–47–7 can be used to satisfy the requirement of Sections 31–34–1 & 2, must such Certificate be based on assets of $60,000 per vehicle or $60,000 per self-insured entity?"

We have concluded that possession of a self-insurance certificate does not satisfy the requirements of §§ 31–34–1 and 31–34–2, and accordingly, we need not address the remainder of certified question 3.

We are left then with certified questions 1(A) and 1(B). We have considerable reservation about the form of these questions. Question 1(A) states:

"Is Section 31–33–9 of the Rhode Island General Laws part of a statutory scheme whose only purpose is to prove financial responsibility after an accident pursuant to Rhode Island General Laws Section 31–32–20?"

This court has stated that certified questions presented to us must identify the issue in dispute with certainty. *See Je-* *rome v. Pratt,* 111 R.I. 56, 58, 298 A.2d 806, 808 (1973) (interpreting § 9–24–27). This question fails to identify the issue in dispute. Question 1(A) asks if the only purpose of a self-insurance certificate is to provide an alternative method of proof of financial responsibility as required by chapter 32 of title 31. Question 1(A) fails, however, to identify the purpose for which plaintiffs are attempting to use a self-insurance certificate. The briefs submitted by the parties also fail to narrow the question phrased in question 1(A). We shall not speculate regarding all the potential uses that a party may make of a self-insurance certificate. We believe that the only dispute that is before us, relying on the stipulated facts, is whether a self-insurance certificate may be used to satisfy the requirements of chapter 34 of title 31. We already have concluded that a self-insurance certificate cannot serve this purpose. We shall not address the issue of whether a party may use a self-insurance certificate for a purpose other than proving financial responsibility in compliance with the Motor Vehicle Safety Responsibility Act until a case arises that squarely presents this issue.

Finally, we address question 1(B), which states:

"Is Section 31–47–7 of the Rhode Island General Laws part of a statutory scheme whose only purpose is to prove 'financial stability' pursuant to Rhode Island General Laws Chapters 31—47 et seq.?"

Again we shall not speculate regarding all the potential uses of a self-insurance certificate issued pursuant to § 31–47–7. We note, however, that § 31–47–7 appears to preserve an individual's or a business's ability to become a self-insurer when and if mandatory-automobile insurance becomes effective in Rhode Island.

Accordingly we answer the certified questions in the manner set forth in the above-stated opinion.