Cheryl A. PIERCE

v.

Paul O. PIERCE.

No. 2000–81–A.

Supreme Court of Rhode Island.

May 11, 2001.

George J. Bauerle, III, Mark J. Trovato, Westerly, for Plaintiff.

Lauren E. Jones, Providence, Domenic A. Mosca, Jr./Fred J. Volpe, North Kingstown, for Defendant.

Present WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

WILLIAMS, Chief Justice.

This action for modification of a final judgment of divorce before the Supreme Court addresses three questions certified to us by the Family Court. At issue is whether a parent's child support obligations extend beyond a child's twenty-first birthday when the child is a young adult with special needs. The certified questions are:

"1. Does [G.L.1956 § ] 15-5-16.2(b) terminate the Family Court's jurisdiction over a special needs child who has reached the age of 21 and whose custodial parent is seeking continued child support?

"2. Does the case of *Siravo v. Siravo* [,] 424[A.]2d 1047 ( [R.I.] 1981)[,] provide the Family Court with jurisdiction to extend a parent's responsibility for support of a special needs child beyond the age of 21 in light of * * * [§ ] 15-5-16.2(b)[?]

"3. Is the Plaintiff, custodial parent, barred by * * * [§ ] 15-5-16.2(b) [from] filing her Motion to extend child support subsequent to [the] child attaining the age of twenty-one (21) years[?]"

These are hard questions to answer—hard because our hearts go out to the young adults with special needs whose very lives will be affected by our answers. In the words of Abraham Lincoln:

*"In this sad world of ours, sorrow comes to all; and, to the young it comes with bitterest agony because it takes them unawares."* [1]

1. Letter from Abraham Lincoln to Fanny McCullough (Dec. 23, 1862), in *A Treasury of*

But, at the same time, in light of our precedent and the mandate set forth by statute, these questions easily are answered. We conclude that G.L.1956 § 15–5–16.2(b) terminates the Family Court's jurisdiction over a young adult with special needs who has reached the age of twenty-one and whose custodial parent is seeking child support. We further conclude that *Siravo v. Siravo*, 424 A.2d 1047 (R.I.1981), does not provide the Family Court with jurisdiction to extend a parent's responsibility for the support of a young adult with special needs beyond the age of twenty-one. Therefore, we answer the first certified question in the affirmative and the second certified question in the negative; as a result, we do not reach the third certified question.

A statement of facts was agreed to by the parties. On August 24, 1992, Cheryl A. Pierce (Cheryl or plaintiff) and Paul O. Pierce (Paul or defendant) were divorced. Pursuant to the divorce decree, Paul was ordered to pay $200 per week in support for the minor children of the parties. Furthermore, the parties recognized that Devan Pierce (Devan) was a special needs child with disabilities. Thus, Paul was ordered to pay support for Devan until she reached the age of twenty-one. However, the final judgment of divorce did not state that Cheryl was prevented from seeking support for Devan beyond the age of twenty-one, nor did it state that support automatically terminated once Devan turned twenty-one.

Subsequent to the entry of the final judgment of divorce, the parties modified the child support order, without the involvement of the Family Court, to $150 per week when the eldest child turned eighteen and graduated from high school. In April 1997, Devan suffered an unanticipated debilitating seizure, confining her to a wheelchair. On June 5, 1999, Devan turned twenty-one.

On August 6, 1999, Paul filed a motion to terminate his child support obligation. Cheryl objected to the motion to terminate and filed a motion to continue child support payments. Paul objected to Cheryl's motion. The parties appeared before the Family Court in Washington County. After reviewing the memoranda prepared by the parties in support of their arguments, the trial justice certified three questions to this Court. We address the certified questions in sequence.

# I

## The Certification

General Laws 1956 § 9–24–27 provides in pertinent part that:

"Whenever in any proceedings * * * in the [S]uperior [C]ourt or in any [D]istrict [C]ourt, any question of law shall arise or the constitutionality of an act of the [G]eneral [A]ssembly shall be brought in question upon the record, which, in the opinion of the court * * * is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the [S]upreme [C]ourt before further proceedings, the court in which the cause is pending shall certify the question or motion to the [S]upreme [C]ourt for that purpose and stay all further proceedings until the question is heard and determined * * *."

"[J]ustices of the [F]amily [C]ourt shall have, insofar as they are applicable, the same obligations and duties as [S]uperior [C]ourt justices, and in all matters within the jurisdiction of the court shall be vested with all of the prerogatives and authority of associate justices of the [S]uperior

*"Lincoln Quotations"* 276 (Fred Kerner ed.1996).

[C]ourt." G.L.1956 § 8–10–43. This Court has found that § 8–10–43 makes § 9–24–27 applicable to the Family Court, and "authorize[s] Family Court justices, like their Superior and District Court counterparts, to certify questions to this Court 'of such doubt and importance and [that] so affect[ ] the merits of the controversy that [they] ought to be determined by the [S]upreme [C]ourt before further proceedings.'" *Rubano v. DiCenzo*, 759 A.2d 959, 963 n. 3 (R.I.2000).

■ However, "certification require[s] more than just simply being a question on which a justice [is] unwilling at the time to make an immediate ruling." *Bayview Towing, Inc. v. Stevenson*, 676 A.2d 325, 329 (R.I.1996) (citing *Tillinghast v. Johnson*, 34 R.I. 136, 139, 82 A. 788, 790 (1912)). Our case law explicitly prescribes what is required of a trial justice before he or she can certify questions of doubt and importance to this Court. We have previously stated that:

> "[t]he responsibility of passing upon important and doubtful questions rests upon the trial court in the first instance. [Therefore, a] question of law should not be certified to this [C]ourt as one of doubt and importance unless, after careful consideration, a justice of the [S]uperior [C]ourt or of a [D]istrict [C]ourt [or, as in the instant case, of the Family Court], who is actually required to make a ruling or decision necessarily involving the determination of an important and doubtful question, entertains such doubt concerning the question as to make him [or her] feel that he [or she] is unable to reach a satisfactory conclusion in respect thereto." *Richardson v. Bevilacqua*, 115 R.I. 49, 52, 340 A.2d 118, 119–20 (1975) (quoting *Easton v. Fessenden*, 63 R.I. 11, 14, 6 A.2d 714, 715 (1939)).

This Court has "consistently and repeatedly mandated that a trial or hearing justice should not certify a question of law to [the Supreme] Court unless and until he or she first carefully considers the question or questions sought to be certified and then, after having had the benefit of counsels' research and informed arguments, believes that he or she is unable to resolve the question satisfactorily." *Bayview Towing, Inc.*, 676 A.2d at 329 (citing *Employers Mutual Casualty Co. v. Martin*, 671 A.2d 798 (R.I.1996); *Richardson v. Bevilacqua*, 115 R.I. 49, 340 A.2d 118 (1975); *Jerome v. Pratt*, 111 R.I. 56, 298 A.2d 806 (1973); *State v. Flynn*, 100 R.I. 520, 217 A.2d 432 (1966); *Easton v. Fessenden*, 63 R.I. 11, 6 A.2d 714 (1939)). By making a ruling or decision, after the benefit of counsels' research and arguments, and *then* certifying a question to this Court, the trial justice—in the instant case, the Family Court justice—creates a thorough record and provides this Court with the benefit of his or her reasoning and rationale in making our decision. There is *no* reason why the distinguished Family Court justice who presided over this matter below could not have decided these questions in the first instance. That being said, and to avoid any further delay, we address the merits of this case.

## II

## Does § 15–5–16.2(b) Terminate the Family Court's Jurisdiction over a Young Adult with Special Needs who Has Reached the Age of Twenty–One and whose Custodial Parent is Seeking Continued Child Support?

■ "The Family Court possesses limited jurisdiction, and its authority to take action in a specific situation or to provide a particular type of relief must be granted by statute." *Furia v. Furia*, 638 A.2d 548, 552 (R.I.1994) (citing *Adam v. Adam*, 624 A.2d 1093, 1098 (R.I.1993)); *see*

*also Carr v. Prader*, 725 A.2d 291, 293 (R.I.1999) ("[t]he Family Court is * * * 'a statutory tribunal possessing only such jurisdiction as was explicitly conferred upon it by the Legislature' "). Furthermore, "[t]he Family Court's ability to compel the parties to pay support is limited by the statutory authority that the Legislature has granted to the court." *Olivieri v. Olivieri*, 760 A.2d 1246, 1251 (R.I.2000). Section 15–5–16.2(b), which governs child support, provides that:

> "[T]he [Family] [C]ourt may, if in its discretion it deems it necessary or advisable, order child support and education costs for children attending high school at the time of their eighteenth (18th) birthday and for ninety (90) days after graduation, but in no case beyond their nineteenth (19th) birthday. *In addition, the court may order child support to continue, in the case of a child with a severe physical or mental impairment, until the twenty-first (21st) birthday of the child.*" (Emphasis added.)

The plaintiff argues that this section does *not* terminate the Family Court's jurisdiction over a young adult with special needs who has reached the age of twenty-one.

Our canons of statutory construction are well-established. "Generally when a statute expresses a clear and unambiguous meaning, the task of interpretation is at an end and this [C]ourt will apply the plain and ordinary meaning of the words set forth in the statute." *State v. Bryant*, 670 A.2d 776, 779 (R.I.1996). However, when the statutory language is ambiguous, "the primary object of the [C]ourt is to ascertain the legislative intention from a consideration of the legislation in its entirety, viewing the language used therein in the light, nature, and purpose of the enactment thereof." *Mason v. Bower-*

*man Bros., Inc.*, 95 R.I. 425, 431, 187 A.2d 772, 776 (1963) (citing *Nolan v. Representative Council of Newport*, 73 R.I. 498, 57 A.2d 730 (1948); *State v. Muldoon*, 67 R.I. 80, 20 A.2d 687 (1941)). Here, there is no ambiguity. A plain reading of § 15–5–16.2(b) establishes that, in the case of a young adult with a severe mental or physical impairment (that is, a young adult with special needs), the Family Court may order child support to continue only *until* the young adult's twenty-first birthday. Accordingly, in the instant case, the Family Court's jurisdiction is determined by the latter part of § 15–5–16.2(b), as there is no dispute that Devan is a young adult with special needs and that she was over the age of twenty-one at the time of the parties' motions concerning her support.

## III

### Does *Siravo v. Siravo*, 424 A.2d 1047 (R.I. 1981), Provide the Family Court with Jurisdiction to Extend a Parent's Responsibility for the Support of a Young Adult with Special Needs Beyond the Age of Twenty–One in Light of § 15–5–16.2(b)?

In *Siravo*, this Court noted that "a father's responsibility for the support of his children terminate[d] once [the children] reach[ed] the age of majority absent some exceptional circumstances or express agreement between the parties to the contrary." *Siravo*, 424 A.2d at 1050. We further noted that most support decrees do not terminate automatically; rather, they remain in effect until they have been either amended or terminated by the court. *See id.* However, some support orders do terminate automatically upon the happening of a particular event; for example, "emancipation has been found to occur automatically when a child becomes

an adult." *Id.*[2] "The only exception to this automatic emancipation rule occurs when infirmity of the body or mind renders the child unable to take care of itself." *Id.* The plaintiff argues that this exception applies to the instant case, as Devan was a young adult with special needs who was unable to take care of herself. As a result, she argues that the Family Court has jurisdiction to extend defendant's responsibility for support beyond Devan's twenty-first birthday.

Again, we note that "[t]he Family Court is a court of limited jurisdiction, and its authority to act in a given situation, or to allow a specific type of relief, must be granted by statute." *Adam,* 624 A.2d at 1098. In *Siravo,* 424 A.2d at 1050, this Court, in dicta, indeed recognized that "exceptional circumstances" might exist which would warrant extending a parent's obligation to pay child support beyond the age of majority. At the time *Siravo* was decided, *no* statutory provision existed providing for extending support beyond the age of majority for children with special needs. *See also In re Michelle D.,* 600 A.2d 725, 725 (R.I.1991) (mem.) ("exceptional circumstances" finding by the trial justice was required to continue child support beyond the age of majority); *In re Debra,* 445 A.2d 577, 578 (R.I.1982) (natural parent was not required to provide for post-secondary education for a child, who had reached the age of majority, in the absence of "exceptional circumstances"). However, in *1998*, the Legislature expanded the circumstances in which the Family Court could order a party to pay child support for a child over the age of majority by adding the second sentence of § 15–5–16.2(b).[3] In doing so, it explicitly delineated those "exceptional circumstances" that this Court had alluded to in *Siravo:* that is, parents may be obligated to pay support for "a child with a severe physical or mental impairment, until the [child's] twenty-first (21st) birthday * * *." Section 15–5–16.2(b); *see also Olivieri,* 760 A.2d at 1252 (holding, "[b]ased on our precedent and the statutory mandate," that child with mental impairment "shall remain a beneficiary on [insurance] policies until he reaches age twenty-one"). When the Legislature has spoken clearly, this Court will not infer a contrary result. "It is not the function of this [C]ourt to rewrite or to amend statutes enacted by the General Assembly." *Rhode Island Federation of Teachers, AFT, AFL–CIO v. Sundlun,* 595 A.2d 799, 802 (R.I.1991).

Accordingly, we find that, in light of § 15–5–16.2(b), *Siravo* did not provide the Family Court with jurisdiction to extend a parent's responsibility for the support of a young adult with special needs beyond the age of twenty-one. It is the province of the General Assembly to revisit this issue if the result in the instant case is not what it intended.

### Conclusion

In conclusion, we answer question one in the affirmative and question two in the

---

**2.** General Laws 1956 § 15–12–1 defines the age of adulthood, or majority, as eighteen years of age.

**3.** General Laws 1956 § 15–5–16.2(b) reads in full:

"The [Family] [C]ourt may, if in its discretion it deems it necessary or advisable, order child support and education costs for children attending high school at the time of their eighteenth (18th) birthday and for ninety (90) days after graduation, but in no case beyond their nineteenth (19th) birthday. In addition, the [Family] [C]ourt may order child support to continue, in the case of a child with a severe physical or mental impairment, until the twenty-first birthday of the child."

The second sentence in this statute was added in 1998. *See* P.L.1998, ch. 390, § 1.

negative. The Family Court has jurisdiction to order parental support for a young adult with special needs only until that young adult has reached the age of twenty-one. Because we answer question two in the negative, we need not address the issue presented in question three.